IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Reginald Bryant,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | 1:25-CV-265 |

**ORDER**

This matter is before the Court on Reginald Bryant's appeal of an administrative decision denying his application for disability insurance benefits under the Social Security Act. *Complaint for Judicial Review of a Decision of Commissioner of Social Security Administration*, D.E. 1 (April 7, 2025). The magistrate judge recommended that the ALJ's decision be affirmed. *Recommendation of United States Magistrate Judge*, D.E. 12 (Aug. 11, 2026). Bryant filed two objections to the Recommendation. *Objection to Recommended Ruling*, D.E. 14 (Aug. 24, 2026). Having reviewed and considered the parties' briefs, the record, and the applicable authority, the Court finds that Bryant's objections lack merit. The Court will affirm the Commissioner's decision.

**LEGAL STANDARD**

Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

In reviewing a Social Security case, the court "must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached

through application of the correct legal standard." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (internal brackets, quotation marks, and citations omitted). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). "In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets, quotation marks, and citations omitted).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)).

"The Commissioner uses a five-step process to evaluate disability claims." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this sequence forecloses an award and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in substantial gainful activity. If the claimant is working, benefits are denied. The second step determines if the claimant is severely disabled. If not, benefits are denied." *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990) (internal quotation marks omitted).

## DISCUSSION

In the present case, the ALJ found that Bryant had not engaged in "substantial gainful activity since his alleged onset date. (D.E. 2-2, at 20–21). The ALJ therefore concluded that Bryant met his burden at step one of the process. At step two, the ALJ identified that Bryant suffered impairments of "osteoarthritis of the knees, degenerative joint disease of the feet, aortic valve regurgitation, obesity,

posttraumatic stress disorder, depressive disorder, alcohol dependence, diabetes, and hypertension." (*Id*.).

At step three, the ALJ found that none of these impairments met or medically equaled the severity of a disability listing. (*Id*.). The ALJ then assessed a residual functional capacity ("RFC") of medium work with additional limitations:

> never climb ladders, ropes or scaffolds; never be exposed to hazards such as machinery and unprotected heights; limited to simple, routine and repetitive tasks and simple work-related decisions; changes in the work setting are limited to simple workplace changes; and occasional interaction with supervisors, coworkers and the public.

(*Id*. at 22).

The ALJ then held that Bryant was unable to perform any previous relevant work but there was other work in the national economy which he could perform. (*Id*. at 26–27). The ALJ concluded that Bryant had not been under a disability from the alleged onset date through the date of the decision. (*Id.* at 28).

Following denial of review of Bryant's claim, he brought this claim before the Court. Bryant objects to the Recommendation's conclusions that: (1) the ALJ did not err in evaluating the opinion of Dr. German Molina and (2) the ALJ did not err in its evaluation of Bryant's subjective symptom testimony. (D.E. 14). These challenges are substantively the same as those made in his complaint and opening briefs. (D.E. 1, 7).

Specifically as to the first objection, Bryant argues that: (a) the Recommendation wrongly claims that Bryant's argument fails because he "does not explain how [various reported maladies support] Dr. Molina's extreme limitations," (b) that the Recommendation wrongly rejected an argument that the ALJ failed to properly evaluate the consistency of Dr. Molina's opinions with the overall record because it partially relied upon State Agency psychological examiners that it found only partially persuasive, (c) that the Recommendation wrongly rejected an argument that the ALJ "cherry-picked" evidence from Dr. Molina's opinions in coming to its decision and failed to establish a logical bridge between evidence and its conclusions, and (d) that the Recommendation wrongly rejected an argument that the ALJ failed to properly evaluate the opinion of non-examining State Agency physical consultants and wrongly relied on testimony that would be materially different had it properly evaluated the opinion of those consultants. *See Objection to Recommended Ruling*, D.E. 14, at 1–6.

As to the second objection, Bryant argues that the Recommendation did not address errors made by the ALJ in evaluating Bryant's subjective complaints.

Upon review of the ALJ's decision, the Court agrees that the ALJ did not err in evaluating the opinions of Dr. Molina or the State physical consultants or psychologists.

For benefits applications filed on or after March 27, 2017 (such as Bryant's), the SSA has enacted substantial revisions to the regulations governing the evaluation of opinion evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under the new regulations, ALJs need not assign an evidentiary weight to medical opinions or accord special deference to treating source opinions. *See* 20 C.F.R. § 404.1520c(a) (providing that ALJS "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [a claimant's] medical sources"). Instead, an ALJ must determine and "articulate in [the] . . . decision how persuasive [he or she] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Moreover, when a medical source provides more than one opinion, the ALJ can evaluate the persuasiveness of such opinions "together in a single analysis," and need not articulate how he or she considered those opinions "individually." 20 C.F.R. § 404.1520c(b)(1).

In evaluating the persuasiveness of an opinion, the SSA requires the ALJ to address the factors of supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). If the ALJ finds two or more opinions about the same issue "[e]qually persuasive" in terms of supportability and consistency, then it will discuss three other persuasiveness factors: the nature and extent of the medical source's relationship with the claimant and areas of specialization. 20 C.F.R. § 404.1520c(c)(3)–(5).

In this case, the ALJ addressed all necessary elements of Dr. Molina's opinions. The ALJ addressed mental status examinations conducted by Dr. Molina in December 2023, May 2024, October 2024, and November 2024. The ALJ found that his opinions were not persuasive because they were not supported by his own treatment records, (D.E. 2 at 570), or by treatment records created by other providers, (*Id*. at 563–64, 1227). Likewise, the ALJ found that Dr. Molina's opinions were inconsistent with the opinions of the State agency physicians. (*Id*. at 68, 78). The ALJ is authorized to consider multiple opinions from the same source together and does not have to articulate how he considered those opinions individually. *See* 20 C.F.R. § 404.1520c(b)(1). The ALJ did that here and did not err in weighing Dr. Molina's opinion with the rest of the evidence.

Likewise, the ALJ properly evaluated the opinions of State agency physical consultants and psychologists against the opinions of Dr. Molina. Often, medical sources arguably point in different directions. "Because the ALJ is 'the trier of fact,' 'the duty to resolve' this 'conflicting medical evidence' lies with the ALJ." *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Richardson v. Perales*, 402 U.S. 389, 399 (1971)). District courts do not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Here, the ALJ determined that the consultants' opinions were partially persuasive in opining that Bryan is "capable of medium work with frequent postural and avoid concentrated exposure to hazards." (D.E. 2 at 26). However, the ALJ determined that the record disagreed with the consultants in supporting limitations of simple workplace changes and occasional social interaction. (*Id.*). Likewise, the ALJ determined that the administrative findings of the physical consultants were persuasive except regarding postural and environmental limitations. On those, the ALJ found that the record supported a reasonable limitation to never climb ladders, ropes or scaffolds and to never be exposed to hazards such as machinery and unprotected heights. (*Id.*). The record supports these designations, and in giving the proper deference to the ALJ in making credibility determinations, the Court finds that the ALJ did not err in weighing the persuasiveness of the state agency consultants over Dr. Molina.

Bryant's second objection contends that the Recommendation did not address the errors committed by the ALJ in evaluating Bryant's subjective symptoms. This objection amounts to disagreement with the ALJ's weighing of the evidence. The Recommendation correctly concluded that the ALJ did consider all the factors required by 20 C.F.R. § 404.1529(c)(3) and SSR 16-3p, and the Recommendation also correctly found that the ALJ did not solely rely on objective medical evidence to discount Bryant's subjective symptom reports in contravention of Fourth Circuit precedent. *See Arakas*, 983 F.3d at 95. Moreover, the Recommendation correctly determined that Bryant's failure to identify any specific evidence that the ALJ failed to consider precluded relief. *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 152 n. 4 (4th Cir. 2012) (noting that a failure to develop an argument "to any extent" in its brief can waive the argument).

In light of the foregoing, and because the ALJ applied the correct legal standards and substantial evidence supports the decision, Bryant's objections are overruled.

## CONCLUSION

Accordingly, it is ORDERED that the Commissioner's decision finding no disability is AFFIRMED, and this action is DISMISSED WITH PREJUDICE. A Judgment will be entered contemporaneously with this Order.

This the 9th day of September, 2026.

*/s/ David A. Bragdon*
United States District Judge